IN THE MATTER OF THE JUDICIAL SETTLEMENT OF THE ACCOUNT OF
   ALGERNON S. SULLIVAN, PUBLIC ADMINISTRATOR, AS
   ADMINISTRATOR, ETC., OF RICHARD TOBIN, DECEASED.

*Absence for over eighteen years without having been heard from—presumption of
                          death without issue.*

Upon an accounting made on July 3, 1885, before the surrogate of New York by
   the public administrator, as administrator of Richard Tobin, who died in the
   city of New York on the 23d day of January, 1884, the administrator was
   directed to pay one-fourth of the estate to Michael Tobin, one-fourth to Ellen
   Cooke, and the residue into the city treasury for the benefit equally of John
   Tobin and Mary Molloy, two of the next of kin of the deceased. At the time
   the accounting was had it was not known whether either John Tobin or Mary
   Molloy was living.
In October, 1885, Michael Tobin and Ellen Cooke, by publishing notices in Mel-
   bourne and in Sidney, in Australia, where John Tobin and Mary Molloy had
   gone in 1869, and by correspondence and other like acts, endeavored to ascertain
   whether these relatives were living, and if so where they were, and if not living
   if they left descendants; and being satisfied from the evidence which they were
   able to obtain that these absentees were dead, applied to the surrogate for and
   obtained from him an order directing the payment of the funds, in the hands
   of the comptroller of the city of New York, to the said Michael Tobin and Ellen
   Cooke as the next of kin of the deceased.
*Held*, that as there was no evidence of the reception by their relatives of any letters
   or other intelligence of them after the arrival of John Tobin and Mary Molloy in
   Australia, excepting during the first year or two after their departure from
   Ireland, their death would be presumed to have taken place at the end of seven
   years from their departure from Ireland.
*Eagle* v. *Emmet* (4 Bradf., 117) followed.
That, as John was not married when he left home, and Mary, though married,
   had no children at that time, and there was no evidence that any were born to
   her subsequently, the order of the surrogate should be affirmed.

APPEAL by the comptroller of the city of New York from an
order of the surrogate of the county of New York, directing the
comptroller to pay over certain funds in his hands to the next of
kin of the above-named decedent, which order was entered in the
Surrogate's Court of the county of New York on September 4, 1888.

*Henry R. Beekman* and *Frank W. Arnold*, for the appellant.

*George W. Carr*, for the respondent.

MACOMBER, J.:

Letters of administration upon the estate of Richard Tobin, who died in the city of New York on the 23d day of January, 1884, were issued by the surrogate to the public administrator. Upon an accounting made before the surrogate by the public administrator on the 3d day of July, 1885, the administrator was directed to pay one-quarter of the estate to Michael Tobin, one-quarter to Ellen Cooke, and the residue, namely, one-half of the estate, into the city treasury for the benefit equally of John Tobin and Mary Molloy, two of the next of kin of the deceased. At that time it was not known whether either John Tobin or Mary Molloy was living. In the month of October, 1885, the other two next of kin, namely, Michael Tobin and Ellen Cooke, to whom the money is now directed to be paid, by publishing notices in Melbourne and in Sidney, in Australia, where John Tobin and Mary Molloy had gone eighteen years previously, and by correspondence and other like acts, endeavored to ascertain whether these relatives were living, and if so where they were, and, if not, if they left descendants. Being satisfied from the evidence which they were able to obtain that these absentees, of whom they had not heard for over seven years, were dead, they applied to the surrogate in January, 1888, for modification of the previous decree and for payment to them, as the next of kin of John Tobin and Mary Molloy, of the portion which had been originally paid into the city treasury in due course of the administration of Richard Tobin's estate. The surrogate, however, was not satisfied of the sufficiency of the proof then adduced, and denied the application, but with leave to renew the same. Subsequently, upon further evidence, the order appealed from was made.

After an absence of seven years, without any intelligence of him by those who would be likely to hear from him by letter or otherwise, the person will be presumed to be dead. This presumption has been extended so as to lead to the conclusion, in the absence of any evidence whatever of actual living, that the death took place at the end of the seven years. (*Eagle* v. *Emmet*, 4 Bradf., 117.) John and Mary left Ireland in the year 1869, about eighteen years before this application was made. There is no evidence of the reception, by their relatives, of any letters or other intelligence of them after their arrival in Australia, excepting during the first year or two

after their departure from Ireland. If these presumptions are to be indulged to their full extent, it would appear that neither John nor Mary could have succeeded personally to any of the property of their father, Richard Tobin. Furthermore, John was unmarried when he left home, but Mary, though married, had no children at that time, and there is no evidence that any were born to her subsequently.

As the learned surrogate said, in his opinion, on the first hearing of this application, "the presumption that the person died without issue will be sustained by very slight proof, such as failure to hear of any such issue, or failure to answer advertisements calling for heirs, as was done in this case." (*Greaves* v. *Greenwood*, L. R., 2 Exch. D., 289.)

On the whole, we are satisfied that the learned surrogate has proceeded cautiously in the consideration of this application, and has acted upon sufficient legal evidence establishing the death of John Tobin and Mary Molloy; and that, consequently, the order appealed from should be affirmed, with costs and disbursements to be paid out of the funds.

VAN BRUNT, P. J., and BRADY, J., concurred.

Order affirmed, with ten dollars costs and disbursements to be paid out of the funds.